# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **BRET WOODALL,** *individually and on behalf of all others similarly situated,*<br><br>    Plaintiff,<br><br>v.<br><br>**OCTAPHARMA PLASMA, INC.,**<br><br>    Defendant. | **Case No.: 3:24-cv-00424-MOC-SCR** |

## SETTLEMENT AGREEMENT AND RELEASES

This Settlement Agreement[1] is entered into between Plaintiffs, Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor and Jacob Borrero and Missouri Plaintiff Randell Sharp, on behalf of themselves and the Settlement Class, and Defendant, Octapharma Plasma, Inc., as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

## I.    Procedural History

1.    Defendant is in the business of owning and operating more than 190 donation centers in 35 states for the purposes of collecting, testing, and supplying human blood plasma in connection with the development and production of medicines. During the normal course of its operations, Defendant receives certain personal information.

2.    On or about April 17, 2024, Defendant detected suspicious activity on its IT systems. In response, Defendant launched an investigation which revealed that an unauthorized

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II herein.

party had gained unauthorized access to certain personal information including but not limited to names, dates of birth, Social Security numbers, health information or donor eligibility information.

3.  Following Defendant's public announcements, on April 26, 2024, plaintiff, Bret Woodall, filed a complaint against Defendant asserting several causes of action related to its role in the Data Incident. [ECF No. 1].

4.  Following the filing of plaintiff Woodall's complaint, Defendant was named a defendant in two other putative class actions that were materially and substantively identical, as they had overlapping claims, sought to represent the same putative class members, and arose out of the same Data Incident.

5.  On May 6, 2024, plaintiff Woodall filed a Motion to Consolidate the Related Actions that were filed at the time (*Lenaway* and *Eaves*) with *Woodall*. [ECF No. 4].

6.  Thereafter, two additional Related Actions (*Walter* and *Adams*) were filed. Consequently, on May 14, 2024, plaintiff Woodall filed an Amended Motion to Consolidate to include the later-filed actions. [ECF No. 5].

7.  On July 10, 2024, the Court granted the Amended Motion to Consolidate consolidating all actions into *Woodall*. [ECF No. 21].

8.  On August 9, 2024, plaintiffs filed an Unopposed Motion to Appoint Counsel Jean S. Martin and Daniel Srourian as Interim Co-Lead Counsel, and Jeff Ostrow, Raina Borrelli, John Nelson, and Beena M. McDonald as Executive Committee Members. [ECF No. 31]. The Court granted the motion on August 16, 2024. [ECF No. 32].

9.  On about August 26, 2024, Defendant began notifying the Settlement Class by mail that certain of their personal information may have been impacted by the Data Incident.

10. On October 8, 2024, Plaintiffs Kevin David Allport, Judy Kay Bishop, Karoline

McKay, Labri Melzer, Timothy Taylor and Jacob Borrero filed a Consolidated Complaint in this Action alleging violation of the North Carolina Unfair and Deceptive Trade Practices Act, negligence, breach of fiduciary duty, breach of implied contract, unjust enrichment, breach of confidence, invasion of privacy, declaratory judgment, violation of the California Customer Records Act, violation of the California Unfair Competition Law, violation of the California Consumer Legal Remedies Act, Violation of California Consumer Privacy Act, Violation of the Confidentiality of Medical Information Act, Violation of the Oregon Consumer Identity Theft Protection Act, Violation of the Oregon Unlawful Trade Practices Act, Violation of the Illinois Personal Information Protection Act, Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and Violation of the Illinois Uniform Deceptive Trade Practices Act. [DE # 33].

11.     Shortly thereafter, the Parties began discussing settlement. Plaintiffs sent informal discovery requests to Defendant to which Defendant responded by providing information related to, among other things, the nature and cause of the Data Incident, the number and geographic location of victims impacted, and the specific type of information breached.

12.     On November 6, 2024, Missouri Plaintiff Randell Sharp filed a Related Action. He then agreed to dismiss that action and join in this Settlement.

13.     Following extensive negotiation over the course of more than 3 months, on January 23, 2025, the Parties reached a settlement in principle. Thereafter the Parties continued to negotiate the material terms of a settlement to be memorialized in this Settlement Agreement.

14.     The Parties now agree to settle the Action (including all allegations made in the Related Actions) entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve all

controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant denies any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Defendant with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, any infirmity in the defenses that Defendants have asserted or would assert, or to the requirements of Federal Rule of Civil Procedure 23 and whether Plaintiffs satisfy those requirements (and similarly denies any wrongdoing whatsoever concerning any of the allegations in the other complaints in the Related Actions), and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used in any action or proceeding in any court or other forum for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.  **Definitions**

15.    "**Action**" means the consolidated class action lawsuit entitled: *Bret Woodall v. Octapharma Plasma, Inc.*, Case No.: 3:24-cv-00424-MOC-SCR.

16. "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval attorneys' fees and costs for Class Counsel, and Service Awards for the Class Representatives.

17. "**CAFA Notice**" means the Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

18. "**California Settlement Subclass**" means the Settlement Class members who were residing in California as of April 17, 2024.

19. "**California Statutory Payment**" means the Settlement Class Member Benefit consisting of $50.00 that California Settlement Class Subclass members may elect pursuant to Section V herein.

20. "**Cash Payment**" means compensation paid to Settlement Class Members who submitted a Claim and elected either Cash Payment A – Documented Losses or Cash Payment B – Flat Cash, along with the California Statutory Payment, if applicable.

20. "**Cash Payment A – Documented Losses**" means the Settlement Class Member Benefit consisting of a maximum payment of $5,000.00, that Settlement Class members, who incurred documented losses, may elect pursuant to Section V herein.

21. "**Cash Payment B – Flat Cash**" means the Settlement Class Member Benefit consisting of an estimated $100.00 cash payment, that Settlement Class members may elect under Section V herein.

22. "**Claim**" means the submission of a Claim Form by a Claimant for Settlement Class Member Benefits.

23. "**Claim Form**" means the proof of claim, substantially in the form attached hereto as *Exhibit 4*, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

24. "**Claim Form Deadline**" shall be 14 days before the initial scheduled Final Approval Hearing and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class member to be eligible for a Cash Payment or Credit Monitoring.

25. "**Claimant**" means a Settlement Class member who submits a Claim Form.

26. "**Claims Process**" means the process by which Settlement Class members may submit Claim Forms online at the Settlement Website or by mail to the Settlement Administrator, including the procedure to approve or reject Claims.

27. "**Class Counsel**" means Jean S. Martin of Morgan and Morgan P.A. and Daniel Srourian of Srourian Law Firm, P.C.

28. "**Class List**" means a list of Settlement Class members' names, postal addresses and email addresses (if available) that Defendant shall prepare and provide to the Settlement Administrator within 21 days of Preliminary Approval.

29. "**Class Representatives**" mean Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor, Jacob Borrero and Randell Sharp .

30. "**Complaint**" or "**Consolidated Complaint**" means the Consolidated Complaint filed by Plaintiffs on June 25, 2024.

31. "**Court**" means the United States District Court for the Western District of North Carolina and the Judge(s) assigned to the Action.

32. "**Credit Monitoring**" means the three years with three credit bureaus of credit/data

monitoring that Settlement Class members may elect to receive pursuant to Section V herein.

33. "**Data Incident**" means the cybersecurity incident on or about April 17, 2024 involving the Defendant resulting in the unauthorized access to or acquisition of Settlement Class Members' personal information.

34. "**Defendant**" or "**Octapharma**" means Octapharma Plasma, Inc.

35. "**Defendant's Counsel**" means Lance Y. Murashige and Darnesha Foli of Hogan Lovells US LLP.

36. "**Effective Date**" means the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

37. "**Email Notice**" means the email form of Notice of the Settlement, substantially in the form attached hereto as ***Exhibit 1***, distributed to Settlement Class members for which email addresses are provided by Defendant.

38. "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

39. "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order.

40. "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

41. "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by

the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and Service Awards to the Class Representatives.

42. "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as *Exhibit 3*, that shall be posted on the Settlement Website and shall be available to Settlement Class members by mail on request made to the Settlement Administrator.

43. "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

44. "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

45. "**Notice**" means the Email Notice, Postcard Notice, and Long Form Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

46. "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and consists of the Email Notice, Postcard Notice, and Long Form Notice.

47. "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class member who has submitted an invalid Claim.

48. "**Objection Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the initial scheduled Final Approval Hearing.

49. "**Opt-Out Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the initial scheduled

Final Approval Hearing.

50.     "**Party**" means each of the Plaintiffs and Defendant, and "Parties" means Plaintiffs and Defendant collectively.

51.     "**Plaintiffs**" means Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor and Jacob Borrero and Missouri Plaintiff Randell Sharp.

52.     "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as ***Exhibit 2*** that the Settlement Administrator shall disseminate to Settlement Class members by mail.

53.     "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form attached to the Motion for Preliminary Approval.

54.     "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit 5***.

55.     "**Related Actions**" means the *Woodall* action, along with *Lenaway v. Octapharma Plasma, Inc.*, Case No. 3:24-CV-00430 ("*Lenaway*"); *Eaves v. Octapharma Plasma, Inc.*, Case No. 3:24-cv-00439 ("*Eaves*"); *Walter v. Octapharma Plasma, Inc.*, Case No. 3:24-cv-00444 ("*Walter*"); and *Adams v. Octapharma Plasma, Inc.,* Case No. 3:24-cv-00459 ("*Adams*"); and Missouri case, *R.S. v. Octapharma Plasma, Inc.*, Case 5:24-cv-06145 (E.D. Mo.).

56.     "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

57.     "**Released Claims**" means any and all actual, potential, filed or unfiled, known or Unknown (as the term "Unknown Claims" is defined herein), fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action,

damages, consequential damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the claims or allegations made in the Complaint or otherwise related to the Data Incident.

58.     "**Released Parties**" means Defendant, its parent Octapharma AG, and each entity which is controlled by, controlling or under common control with Defendant and its past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees.

59.     "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, agents, attorneys, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

60.     "**Service Awards**" means the payment the Court may award the Plaintiffs for serving as Class Representatives, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members.

61.     "**Settlement Administrator**" means Verita.

62.     "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

63. "**Settlement Class**" means all living individuals residing in the United States who were sent a notice by Defendant that their personal information may have been impacted in the Data Incident. Excluded from the Settlement Class are all persons who are: (a) employees, directors, officers, and agents of Defendant; and (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

64. "**Settlement Class Member**" means any member of the Settlement Class, including California Subclass Settlement Class members, who has not opted-out of the Settlement.

65. "**Settlement Class Member Benefit**" means the Cash Payment and/or Credit Monitoring that Settlement Class members may elect to Claim pursuant to Section V herein.

66. "**Settlement Fund**" means the non-reversionary $2,550,000.00, in cash that Defendant is obligated to fund under the terms of the Settlement.

67. "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

68. "**Unknown Claims**" means any and all claim that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date (including such claims relating to harms occurring after the Effective Date that are alleged to relate to or arise out of the Data Incident) and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement. Settlement Class

Representatives and Settlement Class Members expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or the District of Columbia, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

69.    **"Valid Claim"** means a Claim Form submitted by a Settlement Class member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## III.    Settlement Fund

70.     Within 10 days following Preliminary Approval, Defendant shall fund or cause to fund $2,550,000 in cash to the Escrow Account establishing the Settlement Fund. Defendant shall not be responsible for any other payments under the Settlement. The Settlement Fund will be used to pay all Settlement Administration Costs, any Court-awarded attorneys' fees, costs and Service Award, and all Settlement Class Member Benefits.

71.     Defendant shall not be obligated to pay more than $2,550,000 in connection with this Settlement Agreement or Settlement Administration Costs under any circumstances.

72.     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. All interest earned on the Settlement Fund shall be for the benefit of the Settlement Class. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed Defendant, Defendant's Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV.     Certification of the Settlement Class

73.     In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified solely for Settlement purposes. Defendant agrees solely

for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendant does not waive any arguments with respect to the certifiability of any putative class and shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement or any resulting certification of a class for settlement purposes pursuant to this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V.    Settlement Consideration

74.    When submitting a Claim, Settlement Class members must choose either Cash Payment A – Documented Losses or Cash Payment B – Flat Cash. Settlement Class members can additionally claim a California Statutory Payment, if applicable. Settlement Class members may additionally elect to receive Credit Monitoring. If a Settlement Class Member does not submit a Valid Claim or opt-out of the Settlement, the Settlement Class Member will release his or her claims against Defendant without receiving a Settlement Class Member Benefit.

### a.    Cash Payment A – Documented Losses

Settlement Class Members may submit a Claim for a Cash Payment under this section for up to $5,000.00 per Settlement Cass Member upon presentment of documented losses related to the Data Incident. To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A on the Claim Form attesting under penalty of perjury to incurring documented losses. Settlement Class Members will be required to submit reasonable documentation supporting the losses. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in

connection with the identity protection and credit monitoring services offered as part of the breach notification letter provided by Defendant or otherwise. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected.

### b. Cash Payment B – Flat Cash

As an alternative to Cash Payment A – Documented Losses above, a Settlement Class Member may elect to receive Cash Payment B – Flat Cash, which is a flat cash payment in an estimated amount of $100.00.

### c. California Statutory Payment

In addition to Cash Payment A or Cash Payment B, California Settlement Class Members may also elect to receive a California Statutory Payment, which is a flat cash payment in an estimated amount of $50.00.

### d. Credit Monitoring

In addition to electing a Cash Payment, Settlement Class Members may elect to receive three years of Credit Monitoring. The Credit Monitoring will include: (i) real time monitoring of the Settlement Class Member's credit file at three bureaus; (ii) dark web scanning with immediate notification of potential misuse; (iii) comprehensive public record monitoring; (iv) medical identity monitoring; (v) identity theft insurance with no deductible; and (vi) access to fraud resolution agents to hep investigate and resolves instances of theft.

75. ***Pro Rata* Adjustments on Cash Payments** – Settlement Class Cash Payments will be subject to a *pro rata* increase in the event the amount of Valid Claims is insufficient to exhaust the entire Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount

of the Settlement Fund, the amount of the Cash Payments will be reduced *pro rata* accordingly. For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds in the Settlement Fund first for payment of Credit Monitoring and then for Cash Payments. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis.

76. **Business Practice Attestation** – Prior to Final Approval, Defendant will provide Class Counsel with a written attestation regarding the security measures it implemented following the Data Incident, the costs of which are the responsibility of the Defendant and will not in any way reduce the Settlement Fund.

## VI. <u>Settlement Approval</u>

77. Within 10 days following execution of this Agreement by all Parties and Class Counsel, Class Counsel shall file a Motion for Preliminary Approval. The proposed Preliminary Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Class Counsel and Defendant.

78. The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim Process; (5) approve the procedures for Settlement Class members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Plaintiffs Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor, Jacob Borrero and Randell Sharp as Class Representatives and Jean S. Martin and Daniel Srourian as Class Counsel for Settlement purposes; (7) stay the Action

pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's Counsel.

## VII.    **Settlement Administrator**

79.    The Parties agree that, subject to Court approval, Verita shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

80.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the Cash Payments and Credit Monitoring activation codes to Settlement Class Members who submit Valid Claims.

81.    The Settlement Administrator's duties include:

a.    Implementing a reasonably practical procedure to verify that Claimants are Settlement Class Members;

b.    Providing CAFA Notice;

c.    Completing the Court-approved Notice Program by noticing the Settlement Class by Email Notice (if email addresses are available), Postcard Notice, sending out Long Form Notices and paper Claim Forms on request from Settlement Class members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims;

d.　　　Establishing and maintaining the Escrow Account approved by the Parties;

e.　　　Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class members, and Claim Forms;

f.　　　Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

g.　　　Establishing and maintaining an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries;

h.　　　Responding to any Settlement Class Member inquiries via U.S. mail, and telephone;

i.　　　Processing all opt-out requests from the Settlement Class;

j.　　　Providing weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

k.　　　In advance of the Final Approval Hearing, preparing a declaration for the Parties confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

l.      Distributing, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

m.      Sending Settlement Class Members who elect Credit Monitoring emails instructing how to activate their Credit/Data Monitoring service.

n.      Paying Court-approved attorneys' fees, costs, and Service Awards, out of the Settlement Fund;

o.      Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

p.      Any other Settlement Administration function at the instruction of Class Counsel and Defendant or Defendant's Counsel, including, but not limited to, additional information requests related to the Settlement Administrator function, and verifying that the Settlement Fund has been properly administered and that the Cash Payments and Credit Monitoring access information have been properly distributed.

## VIII.   <u>Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures</u>

82.     Defendant will make available to Class Counsel and the Settlement Administrator the Class List no later than 21 days after entry of the Preliminary Approval Order. To the extent necessary, Defendant will cooperate with providing reasonably available information to the Settlement Administrator to assist the Settlement Administrator in updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.  However, costs related to updating the Class List, such as updating and verifying current address information, shall be Settlement Administration Costs paid out of the Settlement Fund.

83.     Within 45 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice

approved by the Court. Where email addresses are provided by Defendant for Settlement Class members, Email Notice shall be sent by email. Settlement Class members for which email addresses are not provided, or for those in which emails bounced-back or were undeliverable (and a postal address is provided by Defendant or can be determined by the Settlement Administrator), shall receive a Postcard Notice by mail.

84.     The Email Notice and Postcard Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for Settlement Class members to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information. Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

85.     The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

86.     The Long Form Notice also shall include a procedure for Settlement Class members

to opt-out of the Settlement Class, and the Email Notice and Postcard Notice shall direct Settlement Class members to review the Long Form Notice to obtain the opt-out instructions. A Settlement Class member may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

87. The Long Form Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Email Notice and Postcard Notice shall direct Settlement Class members to review the Long Form Notice to obtain the objection instructions. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the last day of the Objection Period, as specified in the Notice, and the relevant Settlement Class Member must not have excluded herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

88. For an objection to be considered by the Court, the objection must also set forth:

    a. the objector's full name, mailing address, telephone number, and email

address (if any);

   b. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

   c. the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

   d. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

   e. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

   f. the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

   g. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

   h. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

   i. the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

89.     The Settlement Administrator shall perform reasonable address traces for Postcard Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 60 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class members whose new addresses were identified as of that time through address traces. Any costs related with performing address traces shall be Settlement Administration Costs paid out of the Settlement Fund.

90.     The Notice Program (other than re-mailing of Postcard Notice) shall be completed within 45 calendar days after the entry of an Order granting preliminary approval of the Settlement.

## IX.     Claim Form Process and Disbursement of Settlement Class Member Benefits

91.     The Notice and the Settlement Website will explain to Settlement Class members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

92.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

93.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine

whether a Claim by any Claimant is a Valid Claim.

94.    The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class member. If the Settlement Administrator identifies any Claim Form that appears to be a duplication, the Settlement Administrator shall contact the Settlement Class member in an effort to determine which Claim Form is the appropriate one for consideration.

95.    The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

96.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it

submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendant and Class Counsel otherwise agree.

97. Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a. The Claimant fails to fully complete and/or sign the Claim Form;

b. The Claim Form is illegible;

c. The Claim Form is fraudulent;

d. The Claim Form is duplicative of another Claim Form;

e. The Claimant is not a Settlement Class member;

f. The Claimant submitted a timely and valid request to opt out of the Settlement Class;

g. The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h. The Claimant fails to submit a Claim Form by the Claim Form Deadline; and/or

i.     The Claim Form otherwise does not comply with the requirements of this Settlement.

98.     The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.     The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims;

b.     A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph;

c.     If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants; and

d.     The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

99.     The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

100.     No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

101.     The Settlement Administrator shall distribute the Settlement Class Member

Benefits no later than 30 days after the Effective Date.

102.    Cash Payments to Settlement Class Members will be made by electronic payment or by paper check, by sending Settlement Class Members with Valid Claims an email to select from alternative forms of electronic payment or by paper check. Settlement Class Members will have a period of 180 days to select their electronic payment. In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Class Counsel and Defendant's Counsel. Absent specific instructions from Class Counsel and Defendant's Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and the Settlement Class Member shall forfeit their entitlement right to the funds.

103.    The Settlement Administrator will send an email to Settlement Class Members with Valid Claims that elected Credit Monitoring with information on how to enroll in the Credit/Data Monitoring, including the activation code.

X.    **Final Approval Order and Final Judgment**

104.    Plaintiffs shall file their Motion for Final Approval of the Settlement, and a response to any objections to the Settlement, no later than 14 days before the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Plaintiffs' Application for Attorneys' Fees, Costs, and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing

from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

105.     The parties will request that the Final Approval Hearing be set no earlier than 120 days after the entry of the Order granting preliminary approval of the Settlement.

106.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

       a.      Determine that the Settlement is fair, adequate and reasonable;

       b.      Finally certify the Settlement Class for settlement purposes only;

       c.      Determine that the Notice Program satisfies Due Process requirements;

       d.      Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

       e.      Release Defendant and the other Released Parties from the Released Claims; and

       f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

**XI.**    **Service Awards, Attorneys' Fees and Costs**

107.     **Service Awards** – The Class Representatives may seek Service Awards of up to

$2,500 each, subject to Court approval. The Service Awards shall be payable out of the Settlement Fund by the Settlement Administrator to Class Counsel or to the Class Representatives directly, within 15 days of the Effective Date. Class Counsel will provide the Settlement Administrator with instructions following the Effective Date.

108. **Attorneys' Fees and Costs** – Class Counsel shall apply to the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of reasonable costs. Class Counsel may file a motion for an award of attorneys' fees, costs, and expenses to be paid from the Settlement Fund no later than fourteen (14) days prior to the Objection Deadline. The attorneys' fees and cost awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel within 5 days of Final Approval. Defendant shall have no responsibility for, or liability whatsoever, with respect to any payment or allocation of attorneys' fees, costs, and expenses made to or by Class Counsel pursuant to this Agreement.

109. This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The provision for attorneys' fees and costs was negotiated after all material terms of the Settlement.

**XII.    Disposition of Residual Funds**

110. In the event there are funds remaining in the Settlement Fund 20 days following the 180-day period to cash checks or for Settlement Class Members to select the form of electronic payment, following payment of Settlement Class Member Payments, any residual funds shall be distributed to an appropriate mutually agreeable *cy pres* recipient approved by the Court. The Parties agree to propose Legal Aid of North Carolina as the *cy pres* recipient.

## XIII. **Releases**

111.     Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims (which include Unknown Claims), including but not limited to any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, whether alleged in the Complaint or not, including but not limited to, among others, claims such as those arising under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq*. and/or California's Unfair Competition Law, California Civil Code section 17200 *et seq*..

112.     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts.  The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

113.     The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

114.     Settlement Class members who opt-out of the Settlement prior to the Opt-Out

Deadline do not release their claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

115. Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XIV. Termination of Settlement

116. This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a. Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

b. The Court has entered the Preliminary Approval Order;

c. The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d. The Effective Date has occurred.

117. If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

118. Defendant shall have the option to terminate this Agreement if more than 5% of the Settlement Class opt-out of the Settlement. Defendant shall notify Class Counsel and the Court of

its intent to terminate this Agreement pursuant to this paragraph within 14 days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

119.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc.*

120.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund, including any interest or other income earned thereon, less any authorized Settlement Administration Costs actually incurred prior to the date upon which the Agreement is terminated or fails to become effective (the "Termination Date"), shall be returned to Defendant within 14 days of the Termination Date. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator for any authorized Settlement Administration Costs paid.

## XV.    Effect of Termination

121.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be

retained and preserved.

122.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.    No Admission of Liability

123.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant has denied and continues to deny each of the claims and contentions alleged in the Complaint. Defendant specifically denies that a class could or should be certified in the Action for litigation purposes. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

124.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable,

and in the best interests of the Settlement Class members.

125.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

126.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

127.    In addition to any other defenses Defendant or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII. <u>Miscellaneous Provisions</u>

128.    <u>Confidentiality</u>. To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Agreement. The Parties shall not make any public statement about the settlement that has not been approved by the other side, except as required or authorized by law. Approval of any proposed public statement of the other side will not be unreasonably

withheld. The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so. This paragraph shall not be construed to limit or impede the Notice requirements contained in this Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendant's Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms. Defendant may also provide information about the Settlement to its attorneys, members, partners, insurers, brokers, agents, and other persons or entities as required by securities laws or other applicable laws and regulations.

129. <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

130. <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

131. <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

132. <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

133. <u>Integration and No Reliance</u>. This Agreement constitutes a single, integrated

written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

134. <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

135. <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of North Carolina, without regard to the principles thereof regarding choice of law.

136. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

137. <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all

Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

138. <u>Notices</u>. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Class Counsel:

Jean S. Martin
Morgan and Morgan P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
jeanmartin@forthepeople.com

Danie Srourian
Srourian Law P.C.
468 N. Camden Dr., Ste. 200
Beverly Hills, CA 90210
daniel@slfla.com

If to Defendant or Defendant's Counsel:

Lance Y. Murashige
Hogan Lovells US LLP
555 13th St. NW
Washington, D.C. 20004
lance.murashige@hoganlovells.com

Darnesha Carter
Hogan Lovells US LLP
600 Brickell Avenue
Suite 2700
Miami, Florida 33131
darnesha.carter@hoganlovells.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

139.    _Cooperation_. The Parties agree that they each shall undertake any required steps to effectuate the purposes and intent of this Agreement.

140.    _Modification and Amendment_. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

141.    _No Waiver_. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.

142.    _Authority_. Class Counsel (for the Plaintiffs and the Settlement Class Members), and Defendant's Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendant respectively to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

143.    _Agreement Mutually Prepared_. Neither Plaintiffs nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement. This Agreement is a collaborative effort of the Parties and their attorneys.

144.    <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, and (c) even if subsequent events occur that might have affected Settlement Class Representatives or Settlement Class members decisions with respect to the Settlement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data and potential risks that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

145.    <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read and reviewed this Agreement and the Releases contained herein independently, received independent legal advice from counsel of their choice regarding the advisability of entering into this Agreement and the Releases, the provisions, obligations, rights, risks, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

146.    Severability. Should any part, term or provision of this Agreement be declared or

determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

**Settlement Schedule:**

| Event | Time for Compliance |
|---|---|
| Deadline to commence mailing and/or emailing of Notice (the "Notice Date") | Within 45 calendar days after entry of Preliminary Approval Order |
| Deadline to file Class Counsel's application for an award of attorneys' fees and expenses and for Service Awards for Plaintiffs | 14 calendar days prior to the Objection Deadline |
| Deadline for submission of objections or exclusion requests ("Objection Deadline") | 30 calendar days prior to the initial scheduled Final Approval Hearing |
| Deadline to file Motion for Final Approval and response to any Objections to the Settlement | 14 calendar days prior to the Final Approval Hearing |
| Final Approval Hearing | 120 days after the entry of the Preliminary Approval Order |
| Deadline for submission of Claim Forms | 14 calendar days prior to the initial scheduled Final Approval Hearing |

*Signature Page to Follow*

Entered by and into this 21 day of July 2025

**CLASS COUNSEL**

_____
Jean S. Martin
MORGAN AND MORGAN
COMPLEX LITIGATION GROUP

_____
Daniel Srourian
SROURIAN LAW FIRM, P.C.


**OCTAPHARMA PLASMA, INC.**

_____
Alice Stewart
Chief Operating Officer


**OCTAPHARMA PLASMA, INC.**

_____
Barry Pomeroy
Vice President - Finance


**COUNSEL FOR OCTAPHARMA PLASMA, INC.**

_____
Lance Y. Murashige
HOGAN LOVELLS US LLP


_____
Darnesha Carter
HOGAN LOVELLS US LLP

Entered by and into this 21 day of July 2025

**CLASS COUNSEL**

_____

Jean S. Martin
MORGAN AND MORGAN
COMPLEX LITIGATION GROUP

_____

Daniel Srourian
SROURIAN LAW FIRM, P.C.

**OCTAPHARMA PLASMA, INC.**

_____

Alice Stewart
Chief Operating Officer

**OCTAPHARMA PLASMA, INC.**

_____

Barry Pomeroy
Vice President - Finance

**COUNSEL FOR OCTAPHARMA
PLASMA, INC.**

_____

Lance Y. Murashige
HOGAN LOVELLS US LLP

_____

Varnesha Carter
HOGAN LOVELLS US LLP

# — EXHIBIT 1 —

To:
From:
Subject: Octapharma Plasma Data Incident Settlement

ClaimID:
PIN:

**If Octapharma Plasma sent you a notice that your personal information may have been impacted in a cybersecurity incident, you are eligible for benefits from a class action settlement.**

File your claim online at www.[website].com.

A settlement has been reached in a class action lawsuit against Octapharma Plasma, Inc. ("Defendant"), relating to the cybersecurity incident on or about April 17, 2024 which resulted in the unauthorized access to or acquisition of people's personal information (the "Data Incident").

**Who's Included?** Defendant's records indicate that you are included in the settlement as a Settlement Class Member. The Settlement Class consists of all living individuals residing in the United States who were sent a notice by Defendant that their personal information may have been impacted in the Data Incident.

**What Does The Settlement Provide?** The Defendant will create a $2,550,000 fund to make payments to Settlement Class Members who submit a valid claim form. Settlement Class Members may file a claim to receive (1) up to $5,000 for documented losses related to the Data Incident, <u>or</u> (2) a flat cash payment (estimated at $100), <u>and</u> (3) three years for credit monitoring services, <u>and</u> (4) a flat cash payment of $50 if you were residing in California as of April 17, 2024. Flat cash payments may increase or decrease depending on the total number of valid claims received.

**How Can I File A Claim?** Complete and submit a claim online at www.[website].com or print a claim form from the website and return the completed form by mail. The deadline to file a claim is **Month Day Year**.

**What Are My Other Options?** If you do nothing, you will remain in the Settlement Class, you will not be eligible for benefits, you will be bound by the decisions of the Court, and you will give up your rights to sue the Defendant for the claims resolved by the Settlement. If you do not want to be legally bound by the Settlement or receive any of the settlement benefits, you must exclude yourself by **Month, date, year**. If you do not exclude yourself, you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing. Objections are due **Month, date, year**.

**When will the court decide whether to approve the settlement?** The Court will hold a Final Approval Hearing on **Month, date, year**, to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees (up to 33.33% of the fund) and reimbursement of reasonable costs, and service awards of up to $2,500 for each Class Representative. If approved, these amounts will be deducted from the fund before making payments to Settlement Class Members who submit a valid claim form.

**Want more information?** Visit www.[website].com or call **1-xxx-xxx-xxxx**.

1

# — EXHIBIT 2 —

*Woodall v. Octapharma Plasma, Inc.*
Settlement Administrator
P.O. Box xxxxx
City, ST xxxxx-xxxx

<<BARCODE>>
Postal Service: Please Do Not Mark Barcode

«ClaimID»«PIN»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St» «Zip»

<u>LEGAL NOTICE</u>

**If Octapharma Plasma sent you a notice that your personal information may have been impacted in a cybersecurity incident, you are eligible for benefits from a class action settlement.**

*www.website.com*
*1-xxx-xxx-xxxx*

**OPA**

A settlement has been reached in a class action lawsuit against Octapharma Plasma, Inc. ("Defendant"), relating to the cybersecurity incident on or about April 17, 2024 which resulted in the unauthorized access to or acquisition of people's personal information (the "Data Incident").

**Who's Included?** Defendant's records indicate that you are included in the settlement as a Settlement Class Member. The Settlement Class consists of all living individuals residing in the United States who were sent a notice by Defendant that their personal information may have been impacted in the Data Incident.

**What Does The Settlement Provide?** The Defendant will create a $2,550,000 fund to make payments to Settlement Class Members who submit a valid claim form. Settlement Class Members may file a claim to receive (1) up to $5,000 for documented losses related to the Data Incident, or (2) a flat cash payment (estimated at $100), and (3) three years for credit monitoring services, and (4) a flat cash payment of $50 if you were residing in California as of April 17, 2024. Flat cash payments may increase or decrease depending on the total number of valid claims received.

**How Can I File A Claim?** Complete and submit a claim online at www.[website].com or print a claim form from the website and return the completed form by mail. The deadline to file a claim is **Month Day Year**.

**What Are My Other Options?** If you do nothing, you will remain in the Settlement Class, you will not be eligible for benefits, you will be bound by the decisions of the Court, and you will give up your rights to sue the Defendant for the claims resolved by the Settlement. If you do not want to be legally bound by the Settlement or receive any of the settlement benefits, you must exclude yourself by **Month, date, year**. If you do not exclude yourself, you may object and notify the Court that you or your lawyer intend to appear at the Court's Final Approval Hearing. Objections are due **Month, date, year**.

**When will the court decide whether to approve the settlement?** The Court will hold a Final Approval Hearing on **Month, date, year**, to determine whether to approve the Settlement. Class Counsel's request for attorneys' fees (up to 33.33% of the fund) and reimbursement of reasonable costs, and service awards of up to $2,500 for each Class Representative, if approved, these amounts will be deducted from the fund before making payments to Settlement Class Members who submit a valid claim form.

# Claim Form

Settlement Class Members may file a claim to receive (1) up to $5,000 for documented losses related to the Data Incident, *or* (2) a flat cash payment (estimated at $100), and (3) three years for credit monitoring services, and (4) a flat cash payment of $50 if you were residing in California as of April 17, 2024. Flat cash payments may increase or decrease depending on the total number of valid claims received.

**Check the box next to each benefit you want to claim:**

| | |
|---|---|
| | I would like to receive a cash payment (estimated at $100). |
| | I was residing in California as of April 17, 2024 and want to receive a $50 cash payment. |
| | I would like to receive Credit Monitoring services. |

I affirm under the laws of the United States that the information supplied in this Claim Form is true and correct to the best of my knowledge. I understand that I may be asked to provide more information by the Settlement Administrator before my claim is complete.

Signature: _____    Dated: ____ / ____ / ____

Print Name: _____

***Claims for documented losses related to the Data Incident must be filed online or printed from the website and mailed to the administrator with supporting documentation.***

U.S.
Postage
Required

*Woodall v. Octapharma Plasma, Inc.*
Settlement Administrator
P.O. Box xxxxx
City, ST xxxxx-xxxx

**OPA**

# — EXHIBIT 3 —

# If Octapharma Plasma sent you a notice that your personal information may have been impacted in a cybersecurity incident, you are eligible for benefits from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Octapharma Plasma, Inc. ("Octapharma"), relating to the cybersecurity incident on or about April 17, 2024 which resulted in the unauthorized access to or acquisition of people's personal information (the "Data Incident").

- You are included in the settlement as a "Settlement Class Member" if you are a U.S. resident who was sent a notice by Octapharma informing you that your personal information may have been impacted in the Data Incident.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will not receive any of the settlement benefits. You will also give up your rights to be part of any other lawsuit against Octapharma for the legal claims made in this case and released by the Settlement Agreement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Do not get any settlement benefits. This is the only option that allows you to be part of any other lawsuit against Octapharma for the legal claims made in this case and released by the Settlement Agreement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court with reasons why you do not agree with the settlement. |
| **GO TO THE FINAL APPROVAL HEARING** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Approval Hearing. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. If the Court denies final approval, the settlement will be void and the litigation will continue against the Defendant.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**

    1.  Why is this Notice being provided?
    2.  What is this lawsuit about?
    3.  What is a class action?
    4.  Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**

    5.  How do I know if I am part of the settlement?
    6.  Are there exceptions to being included in the settlement?
    7.  I am still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 4**

    8.  What does the settlement provide?
    9.  What can I get from the settlement?

**HOW TO GET SETTLEMENT BENEFITS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 4**

    10.  How do I get settlement benefits?
    11.  When will I get my payment and/or credit monitoring?
    12.  What am I giving up to get settlement benefits or stay in the settlement?
    13.  What are the Released Claims?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . **PAGE 5**

    14.  How do I get out of the settlement?
    15.  If I exclude myself, can I still get benefits from the settlement?
    16.  If I do not exclude myself, can I sue the Defendant for the same thing later?

**THE LAWYERS REPRESENTING YOU** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 5**

    17.  Do I have a lawyer in this case?
    18.  How will Class Counsel be paid?

**OBJECTING TO THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 5**

    19.  How do I tell the Court that I do not like the settlement?
    20.  What is the difference between objecting to and excluding myself from the settlement?

**THE COURT'S FINAL APPROVAL HEARING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**

    21.  When and where will the Court decide whether to approve the settlement?
    22.  Do I have to come to the Final Approval Hearing?
    23.  May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**

    24.  What happens if I do nothing?

**GETTING MORE INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**

    25.  How do I get more information?

## BASIC INFORMATION

### 1. Why is this Notice being provided?

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in a class action lawsuit and about all of your options before the Court decides whether to grant final approval to the settlement. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge Max O. Cogburn, Jr. of the United States District Court for the Western District of North Caolina is overseeing this class action. The case is known as *Woodall v. Octapharma Plasma, Inc.*, Case No. 3:24-cv-00424, and is referred to as the "Action." The people who filed the lawsuit are called Plaintiffs and the company they sued, Octapharma Plasma, Inc., is called Defendant.

### 2. What is this lawsuit about?

On April 17, 2024, Octapharma Plasma, Inc. detected suspicious activity on its information technology systems. An investigation revealed that an unauthorized third party had gained access to certain personal information, including but not limited to names, dates of birth, Social Security numbers, health information, and donor eligibility information.

The lawsuit claims that Octapharma did not implement sufficient cybersecurity measures to adequately protect this personal information. More specifically, the lawsuit makes claims against Octapharma for negligence, breach of fiduciary duty, breach of implied contract, unjust enrichment, invasion of privacy, and violations of various state consumer protection and privacy statutes. Octapharma denies these claims and any wrongdoing.

### 3. What is a class action?

In a class action, one or more people called "Class Representatives" (in this Action, Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor, Jacob Borrero, and Randell Sharp) sue on behalf of people who have similar claims. Together, all these people are called a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, the Plaintiffs negotiated a settlement with the Defendant that allows them to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial. The Class Representatives and their attorneys think the settlement is best for all Settlement Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am part of the settlement?

The settlement includes all living individuals residing in the United States who were sent a notice by Defendant that their personal information may have been impacted in the Data Incident.

### 6. Are there exceptions to being included in the settlement?

Yes, the settlement does not include employees, directors, officers, and agents of Defendant; and the Judge assigned to the Action, that Judge's immediate family, and Court staff.

### 7. I am still not sure if I am included.

If you are still not sure whether you are included, call 1-___-___-____ or visit www.[website].com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

| |
|---|
| **8. What does the settlement provide?** |

The Defendant has agreed to pay a total of $2,550,000 to settle the Action. After deducting Court-approved attorneys' fees and costs, service awards, and the costs of administering the settlement, the balance will be used to make payments to Settlement Class Members who submit valid claim forms.

| |
|---|
| **9. What can I get from the settlement?** |

If you are a Settlement Class Member, you may file a claim to receive (1) up to $5,000 for documented losses related to the Data Incident, or (2) a flat cash payment (estimated at $100), and (3) three years for credit monitoring services, and (4) a flat cash payment of $50 if you were residing in California as of April 17, 2024. Flat cash payments may increase or decrease depending on the total number of valid claims received and the total amount of those claims.

## HOW TO GET SETTLEMENT BENEFITS

| |
|---|
| **10. How do I get settlement benefits?** |

You must file a Claim Form by **Month __, 2025**. Claim Forms may be submitted online at www.[website].com or printed from the website and mailed to the address on the form.

| |
|---|
| **11. When will I get my payment and/or credit monitoring?** |

The Court will hold a Final Approval Hearing at __:_0_.m. on Month __, 2025, to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. Settlement benefits will be distributed after the settlement is approved and becomes final.

| |
|---|
| **12. What am I giving up to get settlement benefits or stay in the settlement?** |

Unless you exclude yourself from the settlement, you will give up your right to sue, continue to sue, or be part of any other lawsuit against Defendant and certain Released Parties for any claim related to the Action or released by the Settlement Agreement. You will be legally bound by all of the Court's orders, as well as the "Released Claims," below.

Released Parties means Defendant, its parent Octapharma AG, and each entity which is controlled by, controlling or under common control with Defendant and its past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees.

| |
|---|
| **13. What are the Released Claims?** |

"Released Claims" include means any and all actual, potential, filed or unfiled, known or Unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, consequential damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged

facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the claims or allegations made in the Complaint or otherwise related to the Data Incident. More information about the Released Claims can be found in the Settlement Agreement and Release, available at www.[website].com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 14. How do I get out of the settlement? |
| --- |

To exclude yourself from the settlement, you must send a letter to the Settlement Administrator containing:

1) your full name, mailing address, telephone number, and email address (if any);
2) a clear statement indicating your request to be excluded from the settlement, such as "I request to be excluded from the class action settlement in *Woodall v. Octapharma Plasma, Inc*., Case No. 3:24-cv-00424"; and
3) your signature.

You must mail postmarked no later than **Month __, 2025,** to:

*Woodall v. Octapharma Plasma, Inc.* Settlement Administrator
P.O. Box _____
City, ST _____-_____

| 15. If I exclude myself, can I still get benefits from the settlement? |
| --- |

No. If you exclude yourself from the settlement, you will not receive any benefits because you will no longer be eligible for them.

| 16. If I do not exclude myself, can I sue the Defendant for the same thing later? |
| --- |

No. If you stay in the settlement (*i.e.*, do nothing or do not exclude yourself from the settlement), you give up any right to separately sue the Defendant or Released Parties for the claims released by the Settlement Agreement and Release.

## THE LAWYERS REPRESENTING YOU

| 17. Do I have a lawyer in this case? |
| --- |

Yes. The Court appointed Jean S. Martin of Morgan and Morgan Complex Litigation Group and Daniel Srourian of Srourian Law Firm, P.C. to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 18. How will Class Counsel be paid? |
| --- |

If the settlement is approved and become final, Class Counsel will ask the Court to award attorneys' fees of up to 33.33% of the $2,550,000 settlement amount and reimbursement of reasonable costs, as well as a $2,500 service award for each of the Class Representatives. If approved, these amounts will be deducted from the settlement amount before making payments to Settlement Class Members who submit valid Claim Forms.

## OBJECTING TO THE SETTLEMENT

| 19. How do I tell the Court that I do not like the settlement? |
| --- |

If you are a Settlement Class Member, you can object to the settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the settlement. The Court will consider your views

before making a decision. To object, you must file a written objection with the Court, and mail copies to Class Counsel, Defense Counsel, and the Settlement Administrator. Your objection must be filed and postmarked by **Month __, 2025**.

Your objection must include:

1) the case name and number (*Woodall v. Octapharma Plasma, Inc*., Case No. 3:24-cv-00424);
2) your full name, mailing address, telephone number, and email address (if any);
3) the reasons why you object to the settlement, including any documents supporting your objection;
4) the number of times you have objected to a class action settlement within the 5 years preceding the date of this objection, including:
   a. the caption of each case that you have made an objection, and
   b. a copy of any orders related to or ruling upon those objections as issued by the trial and appellate courts in each case
5) the name, address, and telephone number of your attorney (if any) representing you in your objection, including any former or current counsel who may be entitled to compensation for any reason related to your objection;
6) the number of times your attorney or their law firm have objected to a class action settlement within the 5 years preceding the date of this objection, including:
   a. the caption of each case that your attorney or their law firm have made an objection, and
   b. a copy of any orders related to or ruling upon those objections as issued by the trial and appellate courts in each case
7) a statement indicating whether you or your attorney intend to appear at the Final Approval Hearing;
8) if you have retained an attorney and your attorney will appear at the Final Approval Hearing,
   a. the name, address, telephone number, and email address of your attorney, and
   b. a list of all persons who will be called to testify in support of your objection
9) your signature (your attorney's signature is <u>not</u> sufficient).

Your objection must be filed with the Court and copies must be mailed to Class Counsel, Defense Counsel and the Settlement Administrator using the addresses below.

| Court | Class Counsel | Defense Counsel | Settlement Administrator |
|---|---|---|---|
| Clerk of the Court 1800 Charles R. Jonas Federal Bldg. 401 West Trade Street Charlotte, NC 28202 | Jean S. Martin Morgan and Morgan Complex Litigation Group 201 N. Franklin St., 7th Floor Tampa, FL 33602 **—and—** Danie Srourian Srourian Law P.C. 468 N. Camden Dr., Ste. 200 Beverly Hills, CA 90210 | Lance Y. Murashige Hogan Lovells US LLP 555 13th St. NW Washington, D.C. 20004 **—and—** Darnesha Carter Foli Hogan Lovells US LLP 600 Brickell Avenue Suite 2700 Miami, FL 33131 | *Woodall v. Octapharma Plasma, Inc.* Settlement Administrator P.O. Box _____ City, ST _____-____ |

| **20. What is the difference between objecting to and excluding myself from the settlement?** |
|---|

Objecting is telling the Court that you do not like something about the settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this settlement. If you exclude yourself from the settlement, you have no basis to object because the settlement no longer applies to you.

# THE COURT'S FINAL APPROVAL HEARING

## 21. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at __:_0_.m. on Month __, 2025, at the United States District Court for the Western District of North Carolina 1800 Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will take into consideration any properly-filed objections and may also listen to people who have asked to speak at the hearing (*see* Question 22). The Court will also decide whether to approve payments of attorneys' fees, costs, and service awards.

## 22. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

## 23. May I speak at the Final Approval Hearing?

Yes, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must follow the instructions provided in Question 19 above. You cannot speak at the hearing if you exclude yourself from the settlement.

# IF YOU DO NOTHING

## 24. What happens if I do nothing?

If you do nothing, you will not receive any benefits from this settlement and you will be bound by the terms of the Settlement Agreement and Release if it is approved and becomes final. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant or the Released Parties about the issues resolved by this settlement and released by the Settlement Agreement.

# GETTING MORE INFORMATION

## 25. How do I get more information?

More details are in the Settlement Agreement and Release, which is available at www.[website].com. You may also call 1-___-___-___, or write to the *Woodall v. Octapharma Plasma, Inc.*, Settlement Administrator, P.O. Box _____, City, ST _____-____.

***Please do not call the Court or the Clerk of the Court for additional information.***
***They cannot answer any questions regarding the settlement or the Action.***

# — EXHIBIT 4 —

UNITED STATES DISTRCT COURT
WESTERN DISTRICT OF NORTH
CAROLINA

Case No. **3:24-cv-00424-MOC-SCR**

**Must Be Postmarked
No Later Than
_____, 2025**

# Woodall v. Octapharma Plasma Claim Form

## SETTLEMENT BENEFITS – WHAT YOU MAY GET

A proposed settlement was reached *Woodall v Octapharma Plasma, Inc.,* Case No. 3:24-cv-00424-MOC-SCR. If you received a notice from the Defendant that your personal information may have been impacted in the Data Incident, you may be entitled to a payment and other benefits. Please visit the settlement website at [Settlement Website] for more information or to file your claim online.

**You may submit a claim for one or more of the following benefits:**

**Cash Payment.** Use this Claim Form to request money for Documented Losses OR a Flat Cash Payment. You may also use this Claim Form to request Credit Monitoring.

1. **Documented Losses:** You may request reimbursement of up to $5,000.00 for documented losses related to the Data Incident. You <u>must</u> submit reasonable documentation supporting your claim.

2. **Flat Cash Payment:** As an alternative to claiming Documented Losses, you may elect to receive an estimated $100.00 Flat Cash Payment.

3. **California Statutory Payment:** If you were residing in California as of April 17, 2024, you may elect to receive an estimated $50.00 California Statutory Payment in addition to claiming Documented Losses or a Flat Cash Payment.

4. **Credit Monitoring:** In addition to the options above, you may also elect to receive three years of Credit Monitoring. Credit Monitoring will include: (i) real time monitoring of the Settlement Class Member's credit file at three bureaus; (ii) dark web scanning with immediate notification of potential misuse; (iii) comprehensive public record monitoring; (iv) medical identity monitoring; (v) identity theft insurance with no deductible; and (vi) access to fraud resolution agents to help investigate and resolves instances of theft.

**Claims must be submitted online or mailed (and postmarked) by [Claim Filing Deadline]. Use the address at the top of this form for mailed claims.**

***Cash benefits may decrease or increase depending on the total number of claims received and the total amount of those claims***.

For more information and answers to FAQs, a description of the monitoring program or other Settlement benefits, please visit [Settlement Website].

**Please note that Settlement benefits will be distributed only after the Settlement is approved by the Court, any appeal period has expired, and any appeals are resolved.**

## Contact Information

First Name      M.I.      Last Name

Primary Address

Primary Address Continued

City      State      ZIP Code

Area Code   —   Telephone Number

Email Address

## Credit Monitoring

All Settlement Class Members are entitled to receive three years of Credit Monitoring. Fill in the circle below if you would like to receive Credit Monitoring.

○   I would like to receive Credit Monitoring services.

You will receive a notification email with activation instructions at the email address you provided above after the Settlement becomes final.

## Flat Cash Payment

As an alternative to claiming Documented Losses, Settlement Class Members may elect to receive a Flat Cash Payment, estimated to be $100.00. Fill in the circle below if you would like to receive a Flat Cash Payment.

○   I would like to receive a Flat Cash Payment.

## California Statutory Payment

Settlement Class Members residing in California as of April 17, 2024 may elect to receive an estimated $50.00 California Statutory Payment in addition to claiming Documented Losses or a Flat Cash Payment. Fill in the circle below if you are a California resident and would like to receive a California Statutory Payment.

○   I would like to receive a California Statutory Payment.

## Documented Losses Payment

If you spent money related to the Data Incident on or after April 17, 2024, through the date you are submitting this Claim Form, and you have not been reimbursed for those amounts, you may request to be reimbursed up to $5,000.000 for certain documented costs.

**You must submit reasonable documentation supporting your losses. Expenses that have been reimbursed by another source, including compensation provided in connection with the identity protection and credit monitoring services offered as part of the breach notification letter provided by Defendant or otherwise are <u>not</u> eligible for reimbursement.**

Fill in the circle and information on the following page if would like to claim Documented Losses.

○ I would like to receive a payment for Documented Losses. I have completed the Documented Losses Information section below and attached copies of documentation supporting these losses.

Personal certifications, declarations, or affidavits do not constitute Reasonable Documentation but may be included to provide clarification, context or support for other submitted Reasonable Documentation.

*Please note: The Settlement Administrator may contact you to request additional documents needed to process your claim.*

## Documented Losses Information

| Loss Type | Date | Amount | Description of Loss |
|---|---|---|---|
| Documents showing you lost money due to identity fraud or falsified tax returns as a direct result of the Incident between [DATE] and [Claim Filing Deadline]<br><br>*Examples: Credit card or bank account statements with unauthorized charges highlighted; police reports; IRS documents; FTC Identity Theft Reports; letters refusing to refund fraudulent charges; invoices from accountants, lawyers, or others.* | ___ / ___ / ___ | $_____ . _____ | _____<br><br>_____<br><br>_____<br><br>_____<br><br>_____<br><br>_____ |

| | | | |
|---|---|---|---|
| Documents showing you placed or removed a credit freeze as a direct result of the Incident between [DATE] and [Claim Filing Deadline] _Examples: Receipts or statements for credit freezes purchased as a result of the Incident._ | ___ / ___ / ___ | $_____ . _ | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
| Documents showing you paid for miscellaneous expenses like notary, fax, postage, copying charges, etc., to detect or remediate identity theft related to the Incident between [DATE] and [Claim Filing Deadline] _Examples: Receipts, bills, and invoices for any expenses incurred as a result of detecting or remediating identity theft related to this Incident._ | ___ / ___ / ___ | $_____ . _____ | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |

## How Will I Receive My Payment?

By submitting this claim form your payment method will be defaulted to a check payment. If you would like to receive a payment via PayPal or Venmo you must file a claim online at [Settlement Website].

## Signature

I affirm under the laws of the United States that the information I have supplied in this Claim Form and any copies of documents that I am sending to support my claim are true and correct to the best of my knowledge.

I understand that I may be asked to provide more information by the Settlement Administrator before my claim is complete.

**Signature:**                                          **Dated:**

_____       _____ / _____ / _____

**Print Name:** _____

# — EXHIBIT 5 —

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH CAROLINA

BRET WOODALL, individually, and on
behalf of all others similarly situated,

                Plaintiffs,

vs.

OCTAPHARMA PLASMA, INC.,

                Defendant.

Case No. 3:24-cv-00424-MOC-SCR

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

Plaintiffs Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor and Jacob Borrero having moved the Court for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendant Octapharma Plasma, Inc. ("Octapharma") in accordance with the Settlement Agreement and Releases dated July 18, 2025 (the "Settlement Agreement"), between Plaintiffs and Octapharma, the Court having read and considered the Motion, the memorandum of law in support of the Motion, the Settlement Agreement, accompanying documents and exhibits, and the record herein, and Plaintiffs and Octapharma (collectively, the "Parties") having consented to the entry of this Order,

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

      <u>**Class Certification for Settlement Purposes Only.**</u> The Settlement Agreement provides for a Settlement Class defined as follows:

> All living individuals residing in the United States who were sent a notice by Defendant that their personal information may have been impacted in the Data Incident.

1

Specifically excluded from the Settlement Class are: all persons who are: (a) employees, directors, officers, and agents of Defendant; and (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes only that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

**Settlement Class Representatives and Settlement Class Counsel.** The Court finds that Plaintiffs Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor, Jacob Borrero, and Missouri Plaintiff Randell Sharp will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that Jean S. Martin of Morgan and Morgan P.A. and Daniel Srourian of Srourian Law Firm, P.C. will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

**Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the

2

Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

**Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**Settlement Administrator.** The Court appoints Verita as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

**Notice.** The proposed Notice Program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits 1-4 are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

**Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the

3

Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and North Carolina Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

**Class Action Fairness Act Notice.** Within ten (10) days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

**Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than thirty (30) days from the date on which the notice program commences, and as stated in the Notice. The Settlement Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List"). If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

4

**Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and to mail copies to Class Counsel and Defendants' counsel. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: a) the objector's full name, mailing address, telephone number, and email address (if any); b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; c) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; d) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; e) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; f) the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing; g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and i) the objector's signature (an attorney's signature is not sufficient). Class

5

Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel. Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Paragraph 88 of the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**Claims Process**. Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

**Termination of Settlement**. In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund, including any interest or other income earned thereon, less any authorized Settlement Administration Costs actually incurred prior to the date upon which the Agreement is terminated or fails to become effective (the "Termination Date"), shall be returned to Defendant within 14 days of the Termination Date. However, Defendant shall have no

6

right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator for any authorized Settlement Administration Costs paid.

**Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

**Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

**Conditional Certification of Settlement Class** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, the Court conditionally certifies the following class:

> "All individuals residing in the United States who were sent a notice by Defendant that their personal information may have been impacted in the Data Incident."

Specifically excluded from the Settlement Class are: (1) the Judge assigned to the Action, that Judge's immediate family, and Court staff; (2) employees, directors, officers, and agents of Defendant; and (3) Settlement Class Members who submit a valid opt-out request prior to the last day of the Opt-Out Period.

7

**Appointment of Class Representatives and Class Counsel** The Court appoints the following individuals as Class Representatives: Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor, Jacob Borrero, and Randell Sharp. The Court appoints the following attorneys as Class Counsel: Jean S. Martin of Morgan and Morgan P.A. Daniel Srourian of Srourian Law Firm, P.C.

**Opt-Out and Objection Procedures**. Settlement Class Members may opt out of or object to the Settlement in accordance with the procedures set forth in the Long Form Notice and Settlement Agreement. Any objections must be filed with the Court and served on the Parties no later than 30 days before the Final Approval Hearing.

**CAFA Compliance**. The Court finds that the Parties have taken appropriate steps to comply with the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715.

**Final Approval Hearing**. The Final Approval Hearing is scheduled for [insert date at least 120 days from this Order], at [insert time], before the Honorable Max O. Cogburn, Jr., at the United States District Court for the Western District of North Carolina, Charlotte Division, to determine: (i) Whether the Settlement should be finally approved as fair, reasonable, and adequate; (2) Whether the application for attorneys' fees, expenses, and service awards should be granted; and (3) Whether the Final Approval Order and Judgment should be entered.

**Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

**Proposed Settlement Schedule:**

| Event | Date |
|---|---|
| Deadline to commence mailing and/or emailing of Notice (the "Notice Date") | Within 45 calendar days after entry of Preliminary Approval Order |

8

| | |
|---|---|
| Deadline to file Class Counsel's application for an award of attorneys' fees and expenses and for Service Awards for Plaintiffs | 14 calendar days prior to the Objection Deadline |
| Deadline for submission of objections or exclusion requests ("Objection Deadline") | 30 calendar days prior to the initial scheduled Final Approval Hearing |
| Deadline to file Motion for Final Approval and response to any Objections to the Settlement | 14 calendar days prior to the Final Approval Hearing |
| Final Approval Hearing | 120 days after the entry of the Preliminary Approval Order |
| Deadline for submission of Claim Forms | 14 calendar days prior to the initial scheduled Final Approval Hearing |
| Deadline to commence mailing and/or emailing of Notice (the "Notice Date") | Within 45 calendar days after entry of Preliminary Approval Order |
| Deadline to file Class Counsel's application for an award of attorneys' fees and expenses and for Service Awards for Plaintiffs | 14 calendar days prior to the Objection Deadline |
| Deadline for submission of objections or exclusion requests ("Objection Deadline") | 30 calendar days prior to the initial scheduled Final Approval Hearing |
| Deadline to file Motion for Final Approval and response to any Objections to the Settlement | 14 calendar days prior to the Final Approval Hearing |
| Final Approval Hearing | At least 120 days after the entry of the Preliminary Approval Order |
| Deadline for submission of Claim Forms | 14 calendar days prior to the initial scheduled Final Approval Hearing |

**IT IS SO ORDERED.**

Dated: _____, 2025    By:    /s/

                                 **UNITED STATES DISTRICT JUDGE**