# — EXHIBIT 2 —

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| **BRET WOODALL,** *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | **Case No.: 3:24-cv-00424-MOC-SCR** |
| v. | |
| **OCTAPHARMA PLASMA, INC.,** | |
| Defendant. | |

**JOINT DECLARATION OF JEAN S. MARTIN AND DANIEL SROURIAN IN
SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

We, Jean S. Martin and Daniel Srourian, hereby state that the following is true and accurate based on our personal knowledge:

1.       I, Jean S. Martin, am an attorney duly licensed to practice law in the State of North Carolina and a partner of Morgan & Morgan's Complex Litigation Group. I am one of the Interim Co-Lead Counsel and one of the proposed Class Counsel in this case, representing Plaintiffs and the putative Class. I have monitored my firm's participation in this matter from filing of the complaint in 2024 through the present. The contents of this Declaration are based upon my own personal knowledge, my experience in handling numerous class action cases, and the development of this Action.

2.       The majority of Ms. Martin's practice for the last 20 years has concentrated on complex litigation, including consumer class actions, mass tort actions, and data breach litigation. She has served by appointment as a member of the Executive Committee for *In re AT&T Inc*

- 1 -

*Customer Data Security Breach Litigation*, 24-cv-00757 (N.D. Tx.) ($177 million settlement for two classes of consumers involved in two separate data breaches) and co-lead counsel in *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.) (final approval granted for $68 million settlement for 15 million class members and *In Re: Ambry Genetics Data Breach Litigation*, No. 20-cv-00791 (C.D. Cal.).

3.     I, Daniel Srourian, am an attorney duly licensed to practice law in the State of California and a partner of Srourian Law Firm, P.C. I am one of the Interim Co-Lead Counsel and one of the proposed Class Counsel in this case, representing Plaintiffs and the putative Class. I have monitored my firm's participation in this matter from filing of the complaint in 2024 through the present. The contents of this Declaration are based upon my own personal knowledge, my experience in handling numerous class action cases, and the development of this Action.

4.     Mr. Srourian is the founder of Srourian Law Firm, P.C., a Los Angeles-based law firm dedicated to fighting for the rights of consumers and employees since its inception in 2013. Mr. Srourian began his work in the class action arena in 2014, representing employees across the country in wage and hour class action cases for violations of the California Labor Code and the Fair Labor Standards Act. Since that time, Mr. Srourian gained extensive class action litigation experience, having vigorously litigated approximately 200 wage and hour class actions to date, including conducting complex written discovery and taking depositions. Mr. Srourian's vast experience and expertise in class action litigation has opened doors to allow Mr. Srourian to help consumers in a relatively new area of the law. Srourian Law Firm currently has been appointed Co-Lead Counsel by various courts in various class action data breach matters, including *Malinowski et al. v. International Business Machine Corporation, et al.* (7:23-cv-08421-NSR) (S.D. New York), a national data breach involving approximately 500,000 individuals, and *Conifer*

*et al. v. Conifer Revenue Cycle Solutions, LLC, et al.* (2:23-CV-01987 AB), a national data breach involving approximately 100,000 individuals. Additionally, Srourian Law Firm has been appointed to the Plaintiff's Steering/Executive Committee for the class action data breach cases *Cain et al v. CGM, L.L.C* (1:23-cv-02604) (N.D. Georgia), *Hahn et al. v. Phoenician Medical Center, Inc.,* (CV2023-010982) (Superior Court of the State of Arizona, County of Maricopa), *Dudurkaewa v. Midfirst Bank and Midland Financial Co.,* (5:23-cv-00817-R) (W.D. Oklahoma), *Trottier v. Sysco Corporation* (4:23-cv-01818) (S.D. Texas), *Mathis v. Planet Home Lending, LLC* (3:24-cv-00127) (D. Conn.), *Gambino v. Berry, Dunn, McNeil & Parker, LLC* (2:24-cv-00146) (D. Maine), *Tambroni v. WellNow Urgent Care, P.C.* (1:24-cv-01595) (N.D. Illinois), and *In Re: Golden Corral Data Breach Litigation* (5:24-cv-123) (E.D. North Carolina).

5.      The firm resume of Morgan & Morgan was previously submitted to the Court (DE 31-2).

6.      The firm resume of Srourian Law Firm, P.C., was previously submitted to the Court (DE 31-3).

7.      As can be seen from the attached resumes, Interim Co-Lead Counsel have substantial experience in the litigation, certification, trial, and settlement of nationwide class actions, specifically in the data breach litigation context. Based on our experience, Octapharma's Counsel are also highly experienced in this type of litigation. It is thus our considered opinion that counsel for each side has fully evaluated the strengths, weaknesses, and equities of the Parties' respective positions and believe that the proposed Settlement Agreement fairly resolves their respective differences.

8.      On or about April 17, 2024, Defendant detected suspicious activity on its IT systems.  In response, Defendant launched an investigation which revealed that an unauthorized

- 3 -

party had gained unauthorized access to certain personal information including but not limited to names, dates of birth, Social Security numbers, health information or donor eligibility information. On about August 26, 2024, Defendant began sending 272,794[1] notices to individuals whose personal information may have been impacted by the Data Incident, giving rise to the instant Action.

9. A full history of the facts and circumstances that led to this Action is fully laid out in Plaintiffs' Motion for Preliminary Approval and supporting exhibits.

10. Throughout the entirety of the Action, Interim Co-Lead Counsel spent significant time and effort prosecuting this case.

11. Prior to filing, Interim Co-Lead Counsel spent many hours investigating the claims of potential plaintiffs against Octapharma. Interim Co-Lead Counsel interviewed patients to gather and evaluate information about Octapharma's alleged conduct and its impact upon consumers. This information was essential to our ability to understand Octapharma's conduct, the merits of Plaintiffs' claims, Plaintiffs' potential remedies, and Octapharma's potential defenses.

12. Interim Co-Lead Counsel expended significant resources researching and developing the legal claims here. Indeed, Interim Co-Lead Counsel are familiar with the instant claims through their extensive history of litigating and resolving other data breach claims with similar factual and legal issues to the present case. Interim Co-Lead Counsel have experience in assessing the damages at issue, what information is critical in determining class membership, and what data is necessary to calculate each Settlement Class Member's respective damages.

13. After the Consolidated Complaint was filed on October 8, 2024, the Parties began to discuss the possibility of early resolution and commenced settlement negotiations. The parties

---

[1] This includes an initial wave of 271,655 notices, plus a subsequent wave of 1,139 notices sent following additional investigation.

continued arm's-length negotiations over the next several months and conducted settlement discovery, exchanging information including the nature and cause of the Data Incident, the number and geographic location of victims impacted, and the specific type of information breached. Plaintiffs also retained an expert to help inform their negotiations.

14.     In January 2025, the Parties agreed to a resolution of this Action and negotiated, drafted, and finalized the Settlement Agreement, notice forms, and claims process.

15.     Before agreeing to the Settlement, Interim Co-Lead Counsel spent significant time communicating with the Plaintiffs, investigating facts, researching the law, preparing a well-pled Complaint and Consolidated Complaint, conducting discovery as part of settlement negotiations, and negotiating a settlement.

16.     Interim Co-Lead Counsel have been fully and unequivocally committed to this Action and the time-consuming task of prosecuting this litigation to conclusion, and even to trial. Our law firms have the necessary financial resources and legal experience to equalize the playing field in pursuit of justice for the members of the class, and to prosecute this action to a successful conclusion.

17.     Throughout this action, we have been challenged by highly experienced and skilled counsel who deployed very substantial resources on Defendant's behalf.

18.     The $2,550,000 Settlement Fund provides an exceedingly fair and reasonable recovery without the further risk attendant to litigation. For example, on liability and damages there was a distinct possibility that the court or a jury could find in Octapharma's favor on these issues. Interim Co-Lead Counsel considered the possibility that this Court could deny class certification. Interim Co-Lead Counsel also considered the amount of the Settlement in comparison to a number of other similar data breach settlements around the country and found it to be in line

- 5 -

with those settlements. Indeed, it is larger than many of them on a per capita basis. Finally, in reaching the conclusion that the Settlement Fund in this Action is adequate, Interim Co-Lead Counsel also considered that the Settlement Class is receiving real money without having to wait years for a trial and potential appeals.

19.    The size of the Settlement Fund ($2,550,000) in relation to the size of the Settlement Class (approximately 271,665 Class Members) compares favorably to other class action settlements alleging violations of privacy and security. *See, e.g.*, *In re Google Plus Profile Litig.*, No. 5:18-cv-06164-EJD-VKD, 2021 WL 242887, at *1 (N.D. Cal. Jan. 25, 2021) (approving $7.5 million settlement for 161 million Google+ users whose personal information was exposed); *In re: Vizio, Inc., Consumer Privacy Litigation*, No. 8:16-ml-02693-JLS-KES (C.D. Cal. July 31, 2017) (settlement fund of $17 million for 16 million potential claimants for unauthorized collection and disclosure of information from customers' smart TVs); *Corona v. Sony Pictures Ent'mt, Inc.*, No. 14-cv-09600-RGK (C.D. Cal. 2016) ($4.5 million settlement fund ($2 million non-reversionary; $2.5 million reversionary) for 435,000 class members in data breach case); *In re LinkedIn User Priv. Litig.*, 309 F.R.D. 573, 582 (N.D. Cal. 2015) (approving $1.25 million settlement for approximately 6.4 million LinkedIn users); *Perkins v. LinkedIn Corp.*, 2016 WL 613255, at *2, 9 (N.D. Cal. Feb. 16, 2016) (approving $13 million settlement with class size of approximately 20.8 million).

20.    Proposed Settlement Class Counsel has not been paid for their extensive efforts or reimbursed for litigation costs and expenses. The Parties did not discuss attorneys' fees and costs or any potential Service Award until they first agreed on the material terms of the Settlement, including the Settlement Class definition, Notice Program, Settlement Class benefits, and scope of

- 6 -

relief. Class Counsel will request an award of attorneys' fees not to exceed 33.33% of the Settlement Fund, or $849,915, and reasonable litigation expenses.

21.　　Plaintiffs have stayed informed about this Action, reviewed and approved the settlement demand and final settlement amount and Settlement Agreement, and spent substantial time and effort protecting the Class's interests. Class Counsel will request service awards of $2,500 for each of the named Plaintiffs.

22.　　Plaintiffs were informed about the status of settlement negotiations and remained engaged as the Class Representatives at all times during the pendency of this matter. They have no conflicts with the Class they seek to represent.

23.　　Based on our investigation into this case and experience with and knowledge of the law and procedure governing the claims of Plaintiffs and the Settlement Class, it is our belief that this is a fair, reasonable, and adequate Settlement.

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed in Winston-Salem, North Carolina this 18th day of July, 2025.

*/s/ Jean Martin*
JEAN MARTIN

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed in Beverly Hills, California this 18th day of July, 2025.

*/s/ Daniel Srourian*
DANIEL SROURIAN

# — EXHIBIT 3 —

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **BRET WOODALL,** *individually and on* | ) | |
| *behalf of all others similarly situated,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. **3:24-cv-00424-MOC-SCR** |
| | ) | |
| **OCTAPHARMA PLASMA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DECLARATION OF EDWARD DATTILO REGARDING
## SETTLEMENT NOTICE PLAN

I, Edward Dattilo declare as follows:

1.      My name is Edward Dattilo. I have personal knowledge of the matters set forth herein.

2.      I am a Senior Project Manager of Class Action Services for Verita Global, LLC ("Verita") f/k/a KCC Class Action Services, LLC or KCC, a firm that specializes in comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class action settlements. With more than 30 years of industry experience, Verita has developed efficient, secure, and cost-effective methods to effectively manage the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of these matters to ensure the orderly and fair treatment of class members and all parties in interest.

3.     As an industry leader, Verita has been retained to administer more than 10,000 class actions and distributed settlement payments totaling well over a trillion dollars in assets. Our experience includes many of the largest and most complex administrations of both private litigation and of actions brought by state and federal government regulators. As such, we are familiar with, and guided by, Constitutional due process provisions, the Federal Rules of Civil Procedure, and the relevant case law relating to legal notification.

4.     Verita has administered class action settlements for hundreds of consumer protection cases, including data breach and privacy cases. Some examples of complex matters with which Verita has been involved include *Braun v. VisionQuest Eyecare, PC, et al.*, 49D07-1705-PL-020189 (Ind. Super. Ct.); *Carroll v. Macy's Inc. et al.*, No. 2:18-cv-01060 (N.D. Ala.); *Cochran v. Burgerville LLC*, No. 18-cv-44864 (Cir. Ct. Ore); *Debaeke v. St. Joseph Health System, et al.*, No. JCCP 4716 (Cal. Super. Ct.); *Elvey v. TD Ameritrade, Inc.*, No. 3:07-cv-02852 (N.D. Cal.); *In re Experian Data Breach Litig.*, No. 8:15-cv-01592 (C.D. Cal.); *Groveunder v. Wellpoint*, No. JCCP 4647 (Cal. Super. Ct.); *In re Anthem, Inc. Data Breach Litig.*, No. 5:15-md-02617 (N.D. Cal.); *In re Arby's Restaurant Group, Inc. Data Security Litig.*, No. 1:17-cv-1035 (N.D. Ga.); *In re LinkedIn User Privacy Litig.*, No. 5:12-cv-03088 (N.D. Cal.); *In re Medical Informatics Engineering, Inc. Customer Data Security Breach Litig.*, No. 3:15-md-2667 (N.D. Ind.); *In re Yapstone Data Breach Litig.*, No. 4:15-cv-04429 (N.D. Cal.); *Ramsey v. 41 E. Chestnut Crab Partners, LLC, et al.*, No. 2019-CH-2759 (Ill. Cir. Ct.); *Saenz v. SEIU United Healthcare Workers-West*, No. RG09478973 (Cal. Super. Ct.); *Shurtleff v. Health Net of California, Inc.*, No. 34-2012-00121600 (Cal. Super. Ct.); *Sonic Corp Customer Data Security Breach Litig.*, No. 1:17-md-02807 (N.D. Ohio); *Storm v. Paytime, Inc.*, No. 1:14-cv-01138 (M.D. Pa.); *In re: The Home Depot, Inc. Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.); *Torres v. Wendy's*

*International, LLC*, No. 6:16-cv-00210 (M.D. Fla.); and *Winstead v. ComplyRight, Inc.*, No. 1:18-cv-04990 (N.D. Ill.).

5.      This Declaration details the Settlement Notice Plan ("Notice Plan") proposed for *Bret Woodall v. Octapharma Plasma, Inc.,* Case No. 3:24-cv-00424-MOC-SCR*,* pending in the United States District Court for the Western District of North Carolina*.*

6.      The facts in this Declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Verita.

7.      Unless noted otherwise, capitalized terms have the same meaning ascribed to them as in the Settlement Agreement.

## NOTICE PLAN

### *Proposed Class Definition*

8.      The Settlement Class is defined as all living individuals residing in the United States who were sent a notice by Defendant that their personal information may have been impacted in the Data Incident. Excluded from the Settlement Class are all persons who are (a) employees, directors, officers, and agents of Defendant, and (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

### *Individual Notice via Email and U.S. Mail*

9.      Octapharma Plasma, Inc. ("Octapharma") will provide Verita with a list that includes Settlement Class Members' full names, last known email addresses (if available), and last known home addresses as reflected in Octapharma's records (the "Class List").

10.     Verita will send a direct individual notice via email ("Email Notice") to every Settlement Class Member for whom an email address exists on the Class List. The Email Notice

content will be included in the body of the email, rather than as an attachment, to avoid spam filters and improve deliverability. The email will contain a link to the Settlement Website.

11.     The email delivery will be attempted three times to maximize the probability that the Settlement Class Members will receive it. The email campaign will return data regarding the number of emails successfully delivered and email bounce backs.

12.     Verita will send a double postcard notice with detachable claim form ("Short-Form Notice") via the United States Postal Service (USPS) to all Settlement Class Members whose Email Notice is known not to have been delivered or for which an email address is not available on the Class List or for which an Email Notice is known not to have been successfully delivered.

13.     Prior to mailing, all mailing addresses will be checked against the National Change of Address (NCOA)[1] database maintained by the United States Postal Service (USPS). In addition, the addresses will be certified via the Coding Accuracy Support System (CASS)[2] to ensure the quality of the zip code and verified through Delivery Point Validation (DPV)[3] to verify the accuracy of the addresses.

14.     The return address on the Short-Form Notices will be a post office box that Verita will maintain for this case. The USPS will automatically forward Short-Form Notices with an available forwarding address order that has not expired ("Postal Forwards"). Short-Form Notices

---

[1] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[2] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[3] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

returned as undeliverable will be promptly re-mailed to any new address available through USPS information, for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired, or to better addresses that may be found using a third-party lookup service.

### *Media Campaign*

15.     Verita will implement a digital media campaign consisting of approximately 5,458,000 impressions. The digital ads will be purchased programmatically and distributed on various websites and mobile apps, as well as on the social media site, Facebook. The impressions will be targeted to adults 18 years of age or older who are located within a 30-mile radius of Octapharma Plasma office locations.

16.     The notices will appear on both desktop and mobile devices, including tablets and smartphones, in display and native ad formats. All digital ads will include a direct link to the case-specific website for claim filing and more information.

### *Response Mechanisms*

17.     Verita will establish and maintain a case-specific website to allow Settlement Class Members to obtain additional information about the settlement as well as relevant court filings from the action. Settlement Class Members will be able to complete their Claims Form online. Settlement Class Members will be also able to view, download, and print the Complaint, Short-Form Notice, Long-Form Notice (in both English and Spanish) and Claim Form approved by the Court, as well as the Settlement Agreement and other relevant settlement and court documents. Settlement Class Members will also be able to review a list of frequently asked questions and answers and important dates and deadlines.

18.     A toll-free telephone number will also be established to allow Settlement Class Members to listen to answers to frequently asked questions and/or request to receive a Long-Form Notice and Claim Form via mail.

### *Claim Forms*

19.     To obtain a Benefit, Settlement Class Members must submit a Claim Form online or by mail. Each identifiable Settlement Class Member who is sent an Email Notice or Short-Form Notice will be assigned a unique identifier or "Claim ID" that may be used to expedite claims filing by "pre-populating" name, mailing address, and/or email address information. Claim IDs and PINs will be provided in the Email Notices and Short-Form Notices. Settlement Class Members who receive an individual notice and wish to file a Claim Form online may enter their Claim ID and PIN to view and submit a Claim Form.

20.     The Claim Form will seek information necessary to validate and process Settlement Class Members' claims. If a claim is denied due to lack of signature or other required information or documentation, the Settlement Class Member will be notified and be provided with an opportunity to correct the claim.

21.     Verita will process all Claim Forms in accordance with the Settlement Agreement.

### <u>NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005</u>

22.     Within ten days of the filing of the Settlement Agreement with this Court, Verita will cause notice to be disseminated to the appropriate state and federal officials pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of July 2025, at Louisville, Kentucky.

_Edward Dattilo_
Edward Dattilo

# — EXHIBIT A —

# Digital Creatives

*Woodall v. Octapharma Plasma, Inc.* | Notice of Settlement

June 11, 2025



***NOTE***: All creatives displayed herein are for representative purposes only and may not be to scale. Some ads are built on responsive platforms and may not display all text in view based on placement, screen size, etc.


# Display

| | |
|---|---|
| **Display Text** | If your personal information was compromised in a data incident announced by Octapharma Plasma, Inc., you may be eligible for benefits from a class action settlement. |
| | LEARN MORE |
| | Website.com |
| **Click-Through URL** | https://website.com/ |

| 300x600 | 300x250 |
|---|---|



**728x90**




# Facebook

| | |
|---|---|
| **Image Text** | Octapharma Plasma, Inc. |
| | Data Breach Settlement |
| | LEARN MORE |
| | Website.com |
| **Headline** | Octapharma Plasma, Inc. Data Breach Settlement |
| **Description** | If your personal information was compromised in a data incident announced by Octapharma Plasma, Inc., you may be eligible for benefits from a class action settlement. |
| **Call to Action** | Learn more |
| **Website URL** | https://website.com/ |
| *URL as displayed* | website.com |


**Facebook Page**





**Facebook Desktop Feed Ad**

**Facebook Mobile Feed Ad**





**Facebook Stories Ad**



