**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:24-CV-424-MOC-SCR**

| | |
|---|---|
| BRET WOODALL, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>vs.<br><br>OCTAPHARMA PLASMA, INC.,<br><br>                Defendant. | **PRELIMINARY APPROVAL ORDER** |

Plaintiffs Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor and Jacob Borrero have moved the Court for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendant Octapharma Plasma, Inc. ("Octapharma") in accordance with the Stipulation and Agreement of Settlement dated June 18, 2025 (the "Settlement Agreement"), between Plaintiffs and Octapharma. (Doc. No. 43). The Court has read and considered the Motion, the memorandum of law in support of the Motion, the Settlement Agreement, accompanying documents and exhibits, and the record herein. Furthermore, Plaintiffs and Octapharma (collectively, the "Parties") having consented to the entry of this Order. The Motion is **GRANTED**.

        **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

**<u>Class Certification for Settlement Purposes Only.</u>** The Settlement Agreement provides for a Settlement Class defined as follows:

> All living individuals residing in the United States who were sent a notice by Defendant that their personal information may have been impacted in the Data Incident.

1

Specifically excluded from the Settlement Class are: all persons who are: (a) employees, directors, officers, and agents of Defendant; and (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes only that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

**Settlement Class Representatives and Settlement Class Counsel.** The Court finds that Plaintiffs Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor, Jacob Borrero, and Missouri Plaintiff Randell Sharp will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that Jean S. Martin of Morgan and Morgan P.A. and Daniel Srourian of Srourian Law Firm, P.C. will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

**Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the

Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

**Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**Settlement Administrator**. The Court appoints Verita as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

**Notice.** The proposed Notice Program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits 1-4 are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

**Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the

Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and North Carolina Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

**Class Action Fairness Act Notice.** Within ten (10) days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

**Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than thirty (30) days from the date on which the notice program commences, and as stated in the Notice. The Settlement Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List"). If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

**Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and to mail copies to Class Counsel and Defendants' counsel. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: a) the objector's full name, mailing address, telephone number, and email address (if any); b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; c) the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; d) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; e) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years; f) the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing; g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); h) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and i) the objector's signature (an attorney's signature is not sufficient). Class

Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel. Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Paragraph 88 of the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**Claims Process**. Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

**Termination of Settlement**. In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund, including any interest or other income earned thereon, less any authorized Settlement Administration Costs actually incurred prior to the date upon which the Agreement is terminated or fails to become effective (the "Termination Date"), shall be returned to Defendant within 14 days of the Termination Date. However, Defendant shall have no

right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator for any authorized Settlement Administration Costs paid.

**Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

**Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

**Conditional Certification of Settlement Class** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, the Court conditionally certifies the following class:

> "All individuals residing in the United States who were sent a notice by Defendant that their personal information may have been impacted in the Data Incident."

Specifically excluded from the Settlement Class are: (1) the Judge assigned to the Action, that Judge's immediate family, and Court staff; (2) employees, directors, officers, and agents of Defendant; and (3) Settlement Class Members who submit a valid opt-out request prior to the last day of the Opt-Out Period.

**Appointment of Class Representatives and Class Counsel** The Court appoints the following individuals as Class Representatives: Kevin David Allport, Judy Kay Bishop, Karoline McKay, Labri Melzer, Timothy Taylor, Jacob Borrero, and Randell Sharp. The Court appoints the following attorneys as Class Counsel: Jean S. Martin of Morgan and Morgan P.A. Daniel Srourian of Srourian Law Firm, P.C.

**Opt-Out and Objection Procedures**. Settlement Class Members may opt out of or object to the Settlement in accordance with the procedures set forth in the Long Form Notice and Settlement Agreement. Any objections must be filed with the Court and served on the Parties no later than 30 days before the Final Approval Hearing.

**CAFA Compliance**. The Court finds that the Parties have taken appropriate steps to comply with the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715.

**Final Approval Hearing**. The Final Approval Hearing will be scheduled to occur no sooner than 120 days from entry of this Order before the Honorable Max O. Cogburn, Jr., at the United States District Court for the Western District of North Carolina, Charlotte Division, to determine: (i) Whether the Settlement should be finally approved as fair, reasonable, and adequate; (2) Whether the application for attorneys' fees, expenses, and service awards should be granted; and (3) Whether the Final Approval Order and Judgment should be entered.

**Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

**Proposed Settlement Schedule:**

| Event | Date |
|---|---|
| Deadline to commence mailing and/or emailing of Notice (the "Notice Date") | Within 45 calendar days after entry of Preliminary Approval Order |

| Deadline to file Class Counsel's application for an award of attorneys' fees and expenses and for Service Awards for Plaintiffs | 14 calendar days prior to the Objection Deadline |
|---|---|
| Deadline for submission of objections or exclusion requests ("Objection Deadline") | 30 calendar days prior to the initial scheduled Final Approval Hearing |
| Deadline to file Motion for Final Approval and response to any Objections to the Settlement | 14 calendar days prior to the Final Approval Hearing |
| Final Approval Hearing | 120 days after the entry of the Preliminary Approval Order |
| Deadline for submission of Claim Forms | 14 calendar days prior to the initial scheduled Final Approval Hearing |
| Deadline to commence mailing and/or emailing of Notice (the "Notice Date") | Within 45 calendar days after entry of Preliminary Approval Order |
| Deadline to file Class Counsel's application for an award of attorneys' fees and expenses and for Service Awards for Plaintiffs | 14 calendar days prior to the Objection Deadline |
| Deadline for submission of objections or exclusion requests ("Objection Deadline") | 30 calendar days prior to the initial scheduled Final Approval Hearing |
| Deadline to file Motion for Final Approval and response to any Objections to the Settlement | 14 calendar days prior to the Final Approval Hearing |
| Final Approval Hearing | At least 120 days after the entry of the Preliminary Approval Order |
| Deadline for submission of Claim Forms | 14 calendar days prior to the initial scheduled Final Approval Hearing |

**IT IS SO ORDERED**.

Signed: July 31, 2025

*/s/ Max O. Cogburn Jr.*
Max O. Cogburn Jr.
United States District Judge